# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | ) |
| | ) |
| Petitioners, | ) |
| | ) |
| v. | ) Case No. 16-60670 |
| | ) |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and GINA McCARTHY, Administrator, United States Environmental Protection Agency, | ) ) ) ) ) |
| | ) |
| Respondents. | ) |

## PETITIONERS' AND INTERVENOR-PETITIONERS' JOINT MOTION TO STRIKE IRRELEVANT DOCUMENTS FROM THE ADMINISTRATIVE RECORD

Petitioners and Intervenor-Petitioners respectfully move this court to strike six documents, identified below, from the Administrative Record, a Corrected Certified Index ("Certified Index") of which was filed by the U.S. Environmental Protection Agency ("EPA") on February 1, 2017. Doc. 00513859017. EPA's disapproval of the Texas State Implementation Plan ("SIP") is the only agency action under review here. The Certified Index contains documents from a separate rulemaking that EPA itself has said is "irrelevant to the question of whether the Texas SIP should be disapproved." 81 Fed. Reg. 53,284, 53,284 n.2 (Aug. 12, 2016). Thus, the documents related to EPA's other "irrelevant" rulemaking that EPA has included in the Certified Index cannot support EPA's action under review here, and those documents should be struck from the Certified Index.

Pursuant to Fifth Circuit Rule 27.4, counsel for Petitioners and Intervenor-Petitioners have conferred regarding this motion with counsel for EPA. Counsel for EPA has represented to the undersigned counsel that EPA opposes the motion to strike.

In support of their motion, Petitioners and Intervenor-Petitioners state as follows:

1. The final rule at issue in this case is EPA Region 6's disapproval of Texas's Clean Air Act ("CAA") SIP that addresses certain aspects of the 2008 8-hour ozone National Ambient Air Quality Standards ("NAAQS"). 81 Fed. Reg. 53,284 (Aug. 12, 2016) ("Final Rule"). In 2008, EPA revised the 8-hour ozone NAAQS from 0.08 parts per million ("ppm") to 0.075 ppm, 73 Fed. Reg. 16,436 (Mar. 27, 2008), and on December 13, 2012, Texas submitted a SIP revision to EPA to implement the 2008 standard. On December 20, 2012, EPA Region 6 determined that Texas's SIP was "administratively and technically complete,"[1] starting a 12-month clock for EPA to act on Texas' SIP submission. *See* 42 U.S.C. § 7410(k)(2) ("Within 12 months of a determination by the Administrator . . . that a State has submitted a plan or plan revision . . . that meets the minimum criteria . . . , the Administrator shall act on the submission . . . ."). EPA, however, did not act on Texas's SIP within the statutorily required time period.

---

[1] Letter from David F. Garcia, Acting Director, Multimedia Planning and Permitting Division to Zak Covar, Executive Director, Texas Commission on Environmental Quality (Dec. 20, 2012), Dock. ID EPA-R06-OAR-2012-0985-0009.

2. In a separate rulemaking, that commenced after the 12-month deadline had passed, EPA Headquarters issued a proposed rule in December 2015 to revise EPA's Federal Implementation Plan ("FIP") that implements EPA's Cross-State Air Pollution Rule ("CSAPR") (a multi-state emission allowance trading program that regulates emissions of nitrogen oxides ($NO_X$), an ozone precursor). In that other rule, EPA Headquarters proposed to reduce the $NO_X$ allowance budgets for numerous states, including Texas, claiming the reductions were necessary to comply with the 2008 ozone NAAQS. *See* 80 Fed. Reg. 75,706 (Dec. 3, 2015) ("Proposed CSAPR Update FIP"). When EPA issued the Proposed CSAPR Update FIP, EPA acknowledged that it "ha[d] not taken any action on [Texas's 2012] SIP submission at [that] time"[2] despite the requirement in the CAA for EPA to have acted on the technically complete SIP submission by December 20, 2013.

3. EPA Headquarters finalized the CSAPR Update FIP in October 2016, imposing reduced $NO_X$ budgets for many states, including Texas, for the 2017 ozone season. *See* 81 Fed. Reg. 74,504, 74,506 (Oct. 26, 2016). The CSAPR Update FIP is presently the subject of multiple petitions for review pending in the D.C. Circuit, consolidated as *State of Wisconsin et al. v. EPA et al.*, No. 16-1406 (D.C. Cir.).

4. In the Final Rule at issue here, EPA concedes that the CSAPR Update rulemaking "is outside the scope of [the Final Rule], and is irrelevant to the question

---

[2] EPA, *Status of 110(a)(2)(D)(i)(I) SIPs Proposed Rule TSD*, Dock. ID EPA-HQ-OAR-2015-0500-0099, at 8 (Nov. 2015).

of whether the Texas SIP should be disapproved." 81 Fed. Reg. at 53,284 n.2. In the Final Rule, EPA further explains:

> The bases for the disapproval . . . *do not rely upon the proposed CSAPR Update [FIP]*. As described in the proposal and earlier in this document, whether or not the EPA had proposed the CSAPR Update [FIP], Texas' SIP submittal failed to include an analysis that appropriately evaluated the impact of state emissions on areas in other states . . . . *These deficiencies are completely independent of any analysis conducted to support the CSAPR Update [FIP] proposal.*

*Id.* at 53,286 (emphases added).

5.  Indeed, the only relationship between the Final Rule at issue in the present case and EPA's separate CSAPR Update FIP is that EPA's disapproval of Texas's SIP in the Final Rule was a legal and statutory prerequisite for EPA to issue a FIP, which it purported to do in the CSAPR Update FIP. But EPA's action to disapprove Texas's SIP does not, and cannot, rely on the CSAPR Update FIP as a basis for its disapproval. As explained by this Court, "if a SIP or a revised SIP meets the statutory criteria of the CAA, then the EPA must approve it." *Texas v. EPA*, 690 F.3d 670, 676 (5th Cir. 2012) (citing 42 U.S.C. § 7410(k)(3)). Thus, EPA's CSAPR Update FIP, which EPA could lawfully issue only *after* disapproving Texas's SIP, is not, as EPA freely concedes, relevant to whether or not EPA properly disapproved the Texas SIP in the first place, which is the issue before the Court in this case.

6.  Nevertheless, EPA included in the Certified Index filed in this case six documents directly from the rulemaking docket of the CSAPR Update FIP. These include:

    a)    EPA-HQ-OAR-2015-0500-0001 (Notice of Data Availability related to the Proposed CSAPR Update FIP)

    b)    EPA-HQ-OAR-2015-0500-0007 (Data related to the Proposed CSAPR Update FIP)

    c)    EPA-HQ-OAR-2015-0500-0008 (Data related to the Proposed CSAPR Update FIP)

    d)    EPA-HQ-OAR-2015-0500-0067 (Proposed CSAPR Update FIP)

    e)    EPA-HQ-OAR-2015-0500-0075 (Technical Support Document for the Proposed CSAPR Update FIP)

    f)    EPA-HQ-OAR-2015-0500-0186 (Technical Support Document for the Proposed CSAPR Update FIP)

These six documents are listed as items 7 through 12 of the Certified Index that EPA filed on February 1, 2017.

7.    These six documents are irrelevant to the issues presented for review here, and they should therefore be struck from the Administrative Record and the Certified Index. As this Court has explained, in cases involving review of an agency order, "[t]he record consists of the order involved, any findings or reports *on which that order is based*, and 'the pleadings, evidence, and other parts of the proceedings before the agency.'" *Medina County Envtl. Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010) (quoting Fed. R. App. P. 16(a)) (emphasis added). In addition, EPA

guidance provides that the purpose of the administrative record is to contain "all non-deliberative information EPA is aware of *that is relevant to the decision* . . . ."[3]

8. Here, EPA has stated that it did not rely on the CSAPR Update FIP in issuing the Final Rule under review and that the CSAPR Update FIP is "irrelevant" to and "outside the scope" of EPA Region 6's disapproval of Texas's SIP. 81 Fed. Reg. at 53,284 n.2 & 53,286. Given EPA's admission, inclusion of those documents in the Administrative Record is inappropriate and unnecessary and would complicate the resolution of this case on its merits. Further, striking these irrelevant documents would not prejudice EPA in its defense of the Final Rule, since whatever "grounds upon which the agency acted" would presumably still "be clearly disclosed in . . . the record." *Aztec Gen. Agency v. FDIC*, No. 96-60218, 1997 WL 157042, at *1 (5th Cir. Mar. 28, 1997).

## CONCLUSION

For the foregoing reasons, Petitioners and Intervenor-Petitioners respectfully ask this Court to strike from the Administrative Record the six documents listed as items 7 through 12 in the Certified Index filed by EPA on February 1, 2017.

---

[3] EPA's Action Development Process: Administrative Record Guidance at 5 (Sept. 2011), *available at* https://www3.epa.gov/ogc/adminrecordsguidance09-00-11.pdf.

Dated: February 3, 2017                                    Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

PRISCILLA M. HUBENAK
Chief, Environmental Protection Division
State Bar No. 10144690
priscilla.hubenak@oag.texas.gov

*/s/ Craig J. Pritzlaff*
CRAIG J. PRITZLAFF
Assistant Attorney General
State Bar No. 24046658
craig.pritzlaff@oag.texas.gov

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
ENVIRONMENTAL PROTECTION DIVISION
P.O. Box 12548, MC 066
Austin, Texas  78711-2548
Tel: (512) 463-2012
Fax: (512) 320-0911

*Counsel for the State of Texas and Texas Commission on Environmental Quality*

*/s/ P. Stephen Gidiere III*
P. Stephen Gidiere III
BALCH & BINGHAM LLP
1901 6th Ave. N., Ste. 1500
Birmingham, Alabama 35203
205-251-8100
sgidiere@balch.com

David W. Mitchell
BALCH & BINGHAM LLP
601 Pennsylvania Avenue, N.W.
Suite 825 South
Washington, D.C. 20004

Stephanie Z. Moore
Executive Vice President & General Counsel
VISTRA ENERGY CORP.
1601 Bryan Street
22nd Floor
Dallas, Texas 75201

Daniel J. Kelly
Vice President & Associate General Counsel
VISTRA ENERGY CORP.
1601 Bryan Street
43rd Floor
Dallas, Texas 75201

*Counsel for Petitioner-Intervenors Luminant Generation Company LLC, Big Brown Power Company LLC, Luminant Mining Company LLC, La Frontera Holdings, LLC, Oak Grove Management Company LLC, and Sandow Power Company LLC*

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel states that this motion complies with Fed. R. App. P. 27(d)(2)(A) because it contains 1,316 words, excluding the caption and signature blocks, as counted by a word processing system and, therefore, is within the word limit. This motion also complies with typeface requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface in 14-point Garamond font.

Dated: February 3, 2017

s/ P. Stephen Gidiere III
*Counsel for Petitioner-Intervenor*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 3rd day of February, 2017.

s/ P. Stephen Gidiere III
*Counsel for Petitioner-Intervenors*
