IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| STATE OF TEXAS; TEXAS COMMISSION ON ENVIRONMENTAL QUALITY,<br><br>    Petitioners,<br><br>    v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; SCOTT PRUITT, in his official capacity as Administrator of the United States Environmental Protection Agency,<br><br>    Respondents. | Case No. 16-60670 |

## **JOINT UNOPPOSED MOTION TO HOLD CASE IN ABEYANCE**

Petitioners the State of Texas and Texas Commission on Environmental Quality ("Texas") and Respondents United States Environmental Protection Agency and Administrator Scott Pruitt ("EPA") (collectively "the Moving Parties") jointly request that the Court enter an order holding this case in abeyance for a period of 90 days in order to allow the Moving Parties time to discuss administrative options that could avert the need for further litigation in this case. The Moving Parties further request that, at the conclusion of 90 days, they be permitted to file a motion to govern further proceedings to inform the Court whether they wish to either continue efforts toward an administrative resolution or

to reestablish litigation deadlines in the case. Petitioner-Intervenors do not object to the relief requested. In support of this motion, the Moving Parties state the following:

1. In this case, Texas seeks review of EPA's disapproval of a portion of a Texas State Implementation Plan submitted to address the effect of air pollution from Texas on downwind states, 81 Fed. Reg. 53,284 (Aug. 12, 2016).

2. Following two extensions, *see* Dec. 15, 2016, Docket Runner (granting Petitioners' request for 30-day extension) and Doc. 00513841996 (granting Petitioners' motion for extension of additional 15 days), Petitioners' Opening Brief was filed on February 17, 2017. Petitioner-Intervenors' brief was filed on February 24, 2017. EPA's response brief is currently due, under two extensions, *see* Doc. No. 00513902051 and Doc. No. 00513952257, on May 31, 2017. Pursuant to Federal Rule of Appellate Procedure 31(a)(1) and Fifth Circuit Rule 31.2, Texas's and Petitioner-Intervenors' optional reply briefs are to be filed within 14 days and 21 days, respectively, after EPA's response brief is filed.

3. The Moving Parties have conferred and are mutually interested in discussing possible administrative options related both to the Texas State Implementation Plan and requirements under interrelated air pollution

prevention programs that could obviate the need to further litigate this case.

4. An abeyance of the litigation is necessary to ensure that the Moving Parties are able to adequately focus on and dedicate their resources to exploring potential administrative options that could resolve the issues central to this case. If this litigation is held in abeyance, the Moving Parties intend to schedule a number of conference calls over the next few months to discuss the Texas State Implementation Plan and requirements under interrelated air pollution prevention programs.

5. Every court has the inherent authority to stay proceedings in order to manage its docket in the interest of judicial economy. *See, e.g., Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Amlin Corp. Ins. v. GREEN ARROW M/V*, No. CIV.A. 11-1417, 2013 WL 392584, at *6 (E.D. La. Jan. 31, 2013). The requested stay is in the interest of judicial economy. If the Moving Parties identify an administrative resolution that addresses the underlying issues in this case, there may be no need for the Court to consider the issues presented in this petition for review case.

6. The requested abeyance of proceedings will also preserve the parties' resources. If the Moving Parties are able to address the issues presented in this case through an administrative option, the need for further briefing

could be obviated. It would be a waste of the parties' resources to continue to prepare and file briefs regarding issues that may be resolved through settlement. Further, the Moving Parties may be able to reach an administrative resolution that avoids additional potential disputes under related Clean Air Act programs.

7. Pursuant to Fifth Circuit Rule 27.4, undersigned counsel have consulted with counsel for Petitioner-Intervenors, who do not oppose the relief requested in this motion.

## CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court stay all proceedings in this case for 90 days and direct the Moving Parties to file, at the conclusion of 90 days, a motion to govern further proceedings to inform the Court if they wish to continue efforts toward an administrative resolution or to reestablish litigation deadlines in the case.

DATED:  May 15, 2017         Respectfully submitted,

| KEN PAXTON<br>Attorney General of Texas<br><br>JEFFREY C. MATEER<br>First Assistant Attorney General<br><br>BRANTLEY STARR<br>Deputy First Assistant Attorney General | BRUCE GELBER<br>Deputy Assistant Attorney General<br><br>/s/ Amy J. Dona<br>CHLOE H. KOLMAN<br>AMY J. DONA<br>U.S. Department of Justice<br>Environmental Defense Section<br>P.O. Box 7611 |

| | |
|---|---|
| JAMES E. DAVIS<br>Deputy Attorney General for Civil Litigation<br><br>PRISCILLA M. HUBENAK<br>Chief, Environmental Protection Division<br>State Bar No. 10144690<br>priscilla.hubenak@oag.texas.gov<br><br>*/s/ Craig J. Pritzlaff (with permission)*<br>CRAIG J. PRITZLAFF<br>Assistant Attorney General<br>State Bar No. 24046658<br>craig.pritzlaff@oag.texas.gov<br><br>OFFICE OF THE ATTORNEY GENERAL OF TEXAS<br>ENVIRONMENTAL PROTECTION DIVISION<br>P.O. Box 12548, MC 066<br>Austin, Texas 78711-2548<br>(512) 463-2012<br>(512) 320-0911 (fax)<br><br>*Counsel for Petitioners* | Washington, D.C. 20044<br>(202) 514-9277 (Kolman)<br>(202) 514-0223 (Dona)<br>chloe.kolman@usdoj.gov<br>amy.dona@usdoj.gov<br><br>*Of Counsel*:<br><br>Stephanie Hogan<br>Abirami Vijayan<br>Office of General Counsel<br>U.S. Environmental Protection Agency<br>1200 Pennsylvania Ave., N.W.<br>Washington, D.C. 20460<br><br>Lynde Schoellkopf<br>Office of Regional Counsel<br>U.S. Environmental Protection Agency, Region 6<br>1445 Ross Avenue, Suite 1200<br>Dallas, TX 75202<br><br>*Counsel for Respondents* |

## CERTIFICATION FOR ECF PLEADING
## AND OF COMPLIANCE WITH TYPE-VOLUME LIMIT

Pursuant to ECF Filing Standards Section A(6), I hereby certify that all required privacy redactions have been made; that no hard copies are required to be submitted to the clerk's office so Section A(6)(2) is not relevant; and that the ECF submission was scanned for viruses with Microsoft's Forefront Client Security, which is updated daily, and, according to the program, is free of viruses.

I also hereby certify that this document complies with the word limit of Fed. R. App. P. 27(d)(2), excluding the parts of the document exempted by Fed. R. App. P. 32(f), because this document contains 672 words.  This document also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document was prepared in a proportionally spaced typeface using Microsoft Word 2013 in 14 point Times New Roman font.

DATED:  May 15, 2017                    */s/ Amy J. Dona*
                                        AMY J. DONA

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2017, I electronically filed the foregoing JOINT UNOPPOSED MOTION TO HOLD CASE IN ABEYANCE with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

*/s/ Amy J. Dona*
AMY J. DONA