IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| STATE OF TEXAS; TEXAS COMMISSION ON ENVIRONMENTAL QUALITY, <br><br> Petitioners, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; SCOTT PRUITT, in his official capacity as Administrator of the United States Environmental Protection Agency, <br><br> Respondents. | Case No. 16-60670 |

**PETITIONERS' AND RESPONDENTS'**
**JOINT MOTION TO GOVERN FURTHER PROCEEDINGS**

Pursuant to this Court's April 26, 2018 Order (Dkt. No. 00514447182), Petitioners the State of Texas and Texas Commission on Environmental Quality ("Texas") and Respondents United States Environmental Protection Agency and Administrator Scott Pruitt ("EPA") (collectively "the Moving Parties") hereby submit this motion to govern future proceedings in this case, requesting that the Court hold proceedings in abeyance. EPA, through counsel, conferred with Petitioner-Intervenors, and Petitioner-Intervenors do not object to the relief requested in this motion.

The Moving Parties state:

1. In this case, Texas seeks review of EPA's disapproval of a portion of a Texas State Implementation Plan submitted to address the effect of air pollution from Texas on downwind states, 81 Fed. Reg. 53,284 (Aug. 12, 2016).

2. On May 15, 2017, the Moving Parties filed an unopposed joint motion to hold this case in abeyance to allow for discussions that could obviate the need to further litigate this case. Doc. 00513992662. At that time, Texas and Petitioner-Intervenors' Opening Briefs had been filed, and EPA's response brief was due on May 31, 2017. Texas and Petitioner-Intervenors were scheduled to file reply briefs thereafter.

3. On May 17, 2017, rather than staying the litigation, the Court dismissed the case without prejudice with the right of either party to reinstate the petition by letter to the Clerk of Court. Doc. 00513996945.

4. Following the dismissal, the Moving Parties conferred multiple times to discuss the challenged agency action and requirements under interrelated air pollution prevention programs.

5. On November 3, 2017, Texas moved to extend the time to reinstate, Doc. 00514224708, and the Court granted that motion, setting a new reinstatement deadline of May 11, 2018. Doc. 00514228936.

6. On April 3, 2018, Texas moved to reinstate this case, noting that the EPA and Texas had held various meetings but had not yet identified a near-term solution to the dispute. Doc. 00514413701. EPA, in response to the motion to reinstate, requested that the Court allow 21 days for conferral and the filing of a motion to govern further proceedings at the conclusion of the 21-day period. *See id.*, and Doc. 00514429725. The Court granted both Texas's and EPA's requests. Docs. 00514447141 and 00514447182.

7. In the past weeks, the Moving Parties have engaged in further, productive discussions. EPA and Texas are discussing a variety of administrative options for revisiting the obligation to address interstate transport requirements with respect to the 2008 ozone National Ambient Air Quality Standards ("2008-NAAQS Plan") – the agency action that is the subject of this Petition. EPA and Texas have also had positive discussions regarding Texas's draft plan to address the interstate transport requirement with respect to the 2015 ozone NAAQS, which is due by operation of statute in October 2018 ("2015-NAAQS Plan"). The Moving Parties believe that through these productive conversations they have identified potential administrative actions that may resolve the interstate transport obligations at issue in the case.

8. In light of the likelihood that further administrative action by Texas and EPA related to the 2008-NAAQS Plan or the 2015-NAAQS Plan could achieve a mutually agreeable resolution to this litigation through alternative means, the Moving Parties respectfully request the Court hold this case in abeyance to allow for continued discussions and administrative action by the federal and state governments.

9. An abeyance of the litigation is necessary to ensure that the Moving Parties are able to adequately focus on and dedicate their resources to exploring potential administrative options that could resolve the issues central to this case.  Moreover, the Moving Parties anticipate that a potentially significant but as-yet uncertain amount of time will be necessary to complete the developing administrative process, and if this case is not held in abeyance, the Moving Parties' efforts to resolve the issues in this litigation (and potentially related issues in other on-going regulatory efforts) through an agreed-upon administrative process would be side-tracked.  If this litigation is held in abeyance, the Moving Parties will continue to confer regularly to discuss on-going and future administrative actions related to the 2008-NAAQS Plan and the 2015-NAAQS Plan.

10. Every court has the inherent authority to stay proceedings in order to manage its docket in the interest of judicial economy. *See, e.g.*, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Amlin Corp. Ins. v. GREEN ARROW M/V*, No. CIV.A. 11-1417, 2013 WL 392584, at *6 (E.D. La. Jan. 31, 2013). The requested stay is in the interest of judicial economy. If the Moving Parties identify an administrative resolution that addresses the underlying issues in this case, there may be no need for the Court to consider the issues presented in this petition for review case.

11. The requested abeyance of proceedings will also preserve the parties' resources. If the Moving Parties are able to address the issues presented in this case through an administrative option, the need for further briefing could be obviated. It would be a waste of the parties' resources to continue to prepare and file briefs regarding issues that may be resolved through settlement. Further, the Moving Parties may be able to reach an administrative resolution that avoids additional potential disputes under related Clean Air Act programs.

12. Pursuant to Fifth Circuit Rule 27.4, undersigned counsel have consulted with counsel for Petitioner-Intervenors, who do not oppose the relief requested in this motion.

## CONCLUSION

For the foregoing reasons, the Moving Parties respectfully request that the Court stay all proceedings in this case and order EPA to submit status reports every 120 days.

DATED:  May 17, 2018                    Respectfully submitted,

| | |
|---|---|
| KEN PAXTON<br>Attorney General of Texas<br><br>JEFFREY C. MATEER<br>First Assistant Attorney General<br><br>BRANTLEY STARR<br>Deputy First Assistant Attorney General<br><br>JAMES E. DAVIS<br>Deputy Attorney General for Civil Litigation<br><br>PRISCILLA M. HUBENAK<br>Chief, Environmental Protection Division<br>State Bar No. 10144690<br>priscilla.hubenak@oag.texas.gov<br><br>*/s/ Craig J. Pritzlaff (with permission)*<br>CRAIG J. PRITZLAFF<br>Assistant Attorney General<br>State Bar No. 24046658<br>craig.pritzlaff@oag.texas.gov<br><br>OFFICE OF THE ATTORNEY GENERAL OF TEXAS | JONATHAN BRIGHTBILL<br>Deputy Assistant Attorney General<br><br>*/s/ Amy J. Dona*<br>AMY J. DONA<br>CHLOE H. KOLMAN<br>U.S. Department of Justice<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, D.C. 20044<br>(202) 514-0223 (Dona)<br>(202) 514-9277 (Kolman)<br>amy.dona@usdoj.gov<br>chloe.kolman@usdoj.gov<br><br>*Of Counsel*:<br><br>Stephanie Hogan<br>Abirami Vijayan<br>Office of General Counsel<br>U.S. Environmental Protection Agency<br>1200 Pennsylvania Ave., N.W.<br>Washington, D.C. 20460<br><br>Lynde Schoellkopf<br>Office of Regional Counsel<br>U.S. Environmental Protection Agency, Region 6<br>1445 Ross Avenue, Suite 1200 |

| | |
|---|---|
| ENVIRONMENTAL PROTECTION DIVISION<br>P.O. Box 12548, MC 066<br>Austin, Texas 78711-2548<br>(512) 463-2012<br>(512) 320-0911 (fax)<br><br>*Counsel for Petitioners* | Dallas, TX 75202<br><br>*Counsel for Respondents* |

**CERTIFICATION FOR ECF PLEADING
AND OF COMPLIANCE WITH TYPE-VOLUME LIMIT**

Pursuant to ECF Filing Standards Section A(6), I hereby certify that all required privacy redactions have been made; that no hard copies are required to be submitted to the clerk's office so Section A(6)(2) is not relevant; and that the ECF submission was scanned for viruses with Microsoft's Forefront Client Security, which is updated daily, and, according to the program, is free of viruses.

I also hereby certify that this document complies with the word limit of Fed. R. App. P. 27(d)(2), excluding the parts of the document exempted by Fed. R. App. P. 32(f), because this document contains 926 words. This document also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document was prepared in a proportionally spaced typeface using Microsoft Word 2013 in 14 point Times New Roman font.

DATED:  May 17, 2018            */s/ Amy J. Dona*
                                AMY J. DONA

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2018, I electronically filed the foregoing JOINT UNOPPOSED MOTION TO GOVERN FURTHER PROCEEDINGS with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

*/s/ Amy J. Dona*
AMY J. DONA
