IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| STATE OF TEXAS; TEXAS COMMISSION ON ENVIRONMENTAL QUALITY,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; ANDREW WHEELER, Administrator,<br><br>Respondents. | Case No. 16-60670 |

## STATUS REPORT

Respondents United States Environmental Protection Agency and Administrator Andrew Wheeler (collectively, "EPA") filed an unopposed motion to hold this case in abeyance on May 18, 2018, which the Court granted on May 21, 2018. EPA files this status report pursuant to the Court's Order dated May 21, 2018, advising the Court of the status of settlement discussions. On July 12, 2019, the Court directed counsel for all parties in the above-captioned matter to file supplemental status reports addressing the review of the Texas Commission on Environmental Quality's ("Texas CEQ") state implementation plan ("SIP"), the status of the parties' settlement discussions, and whether the case should remain in abeyance. EPA filed its supplemental status report on July 23, 2019. The court

further indicated that EPA's next regularly-scheduled status report would remain due on or before October 9, 2019. EPA provides the following status report consistent with that order:

    1.    As noted in the EPA's status reports, Texas CEQ submitted a SIP revision intended to address the requirements of CAA section 110(a)(2)(D)(i)(I) for the 2015 ozone NAAQS on September 12, 2018.[1] Pursuant to CAA section 110(k)(1)(B), the SIP revision was deemed administratively complete by operation of law six months after its submission, on March 12, 2019. EPA therefore has a statutory deadline pursuant to CAA section 110(k)(2) to take final action on the SIP revision by no later than March 12, 2020.

    2.    EPA is presently reviewing that Texas CEQ SIP submission to determine whether it meets the requirements of CAA section 110(a)(2)(D)(i)(I). The Texas CEQ SIP revision is over 100 pages long and includes a technical demonstration to support the state's determination that it meets the requirements of section 110(a)(2)(D)(i)(I). The technical demonstration is supplemented by four appendices collectively totaling over 450 pages of technical air quality modeling data and analyses. This SIP revision is therefore being reviewed by a workgroup

---

[1] In prior status reports, EPA inadvertently erred in indicating that the TCEQ SIP revision addressing CAA section 110(a)(2)(D)(i)(I) was submitted on September 5, 2018. The EPA has subsequently determined that the submission was received by the Agency on September 12, 2018.

of EPA staff that have appropriate technical and policy expertise to interpret and analyze this information.

3. EPA has also received SIP revisions addressing the requirements of CAA section 110(a)(2)(D)(i)(I) for the 2015 ozone NAAQS from approximately 40 states other than Texas, as well as from the District of Columbia, that are also under review by staff at the Agency. EPA's statutory deadlines to act on these submissions also generally fall in 2020. Because these SIPs all address a common statutory requirement and are being reviewed on similar timelines, the EPA is evaluating the SIP revisions collectively to ensure that its action on the SIP revisions is consistent across the Agency. Thus, the workgroup reviewing the Texas CEQ SIP revision is also concurrently reviewing the SIP revisions submitted by other states and, as appropriate, identifying common issues that require coordination across the EPA Regional Offices with responsibility for acting on the SIP revisions. EPA anticipates that its action on the Texas CEQ SIP revision will be informed by this coordinated effort.

4. EPA is also considering the effect of a recent court decision on its review of the SIP revisions. On September 13, 2019, the D.C. Circuit issued its decision in *Wisconsin v. EPA*, No. 16-1406, which granted in part and denied in part petitions for review of the Cross-State Air Pollution Update for the 2008 Ozone NAAQS, 81 Fed. Reg. 74,504 (Oct. 23, 2016). EPA is reviewing the

decision to determine whether to seek rehearing; EPA must file any such petition by October 28, 2019. EPA is also reviewing the *Wisconsin* decision to determine whether and how it may impact its review of the pending SIP revisions for the 2015 Ozone NAAQS, including the Texas CEQ SIP revision.

5.　Once EPA concludes its review of the Texas CEQ SIP revision addressing the requirements of CAA section 110(a)(2)(D)(i)(I) for the 2015 ozone NAAQS, the parties will discuss whether action on that submission or any other alternative administrative action would impact the issues that underlie this case. Thus, it remains possible that these actions by EPA and Texas CEQ will obviate the need for any further judicial proceedings on this petition for review. EPA therefore submits that this case should continue to remain in abeyance while EPA concludes its review of the Texas CEQ SIP revision.

6.　By the Court's Order of May 21, 2018, the next status report is due in 120 days (February 7, 2019). If EPA's and Texas CEQ's discussions are concluded before that date, the parties will file motions to govern future proceedings within 30 days of the conclusion of the discussions.

DATED: October 10, 2019　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　*/s/ Jessica O'Donnell*
　　　　　　　　　　　　　　　　　JESSICA O'DONNELL
　　　　　　　　　　　　　　　　　U.S. Department of Justice

Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 305-0851
jessica.odonnell@usdoj.gov

*Of Counsel*:

Stephanie Hogan
Abirami Vijayan
Office of General Counsel
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460

Lynde Schoellkopf
Office of Regional Counsel
U.S. Environmental Protection Agency,
Region 6
1445 Ross Avenue, Suite 1200
Dallas, TX 75202

*Counsel for Respondents*

**CERTIFICATION FOR ECF PLEADING
AND OF COMPLIANCE WITH TYPEFACE REQUIREMENT**

Pursuant to ECF Filing Standards Section A(6), I hereby certify that all required privacy redactions have been made; that no hard copies are required to be submitted to the clerk's office so Section A(6)(2) is not relevant; and that the ECF submission was scanned for viruses with Microsoft's Forefront Client Security, which is updated daily, and, according to the program, is free of viruses.

This document also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document was prepared in a proportionally spaced typeface using Microsoft Word 2013 in 14 point Times New Roman font.

DATED:   October 10, 2019                    */s/ Jessica O'Donnell*
                                             JESSICA O'DONNELL

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 10, 2019, I electronically filed the foregoing STATUS REPORT with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.  The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

                */s/ Jessica O'Donnell*
                JESSICA O'DONNELL