IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | | |
|---|---|---|
| STATE OF TEXAS; TEXAS COMMISSION ON ENVIRONMENTAL QUALITY, | ) ) ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Case No. 16-60670 |
| | ) | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; and MICHAEL S. REGAN, Administrator, | ) ) ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## **STATUS REPORT**

Respondents United States Environmental Protection Agency and

Administrator Michael S. Regan[1] (collectively, "EPA") filed an unopposed motion

to hold this case in abeyance on May 18, 2018, which the Court granted on May

21, 2018.  EPA files this status report pursuant to the Court's Order dated May 21,

2018, advising the Court of the status of settlement discussions.  The last such

status report was filed on February 2, 2021.  EPA provides the following status

report:

---

[1] Administrator Regan is automatically substituted for his predecessor pursuant to
Federal Rule of Appellate Procedure 43(c)(2).

1.     As noted in the EPA's status reports, Texas Commission on Environmental Quality ("Texas CEQ") submitted a SIP revision intended to address the requirements of Clean Air Act ("CAA") section 110(a)(2)(D)(i)(I) for the 2015 ozone national ambient air quality standards ("NAAQS") on September 12, 2018.  Pursuant to CAA section 110(k)(1)(B), the state implementation plan ("SIP") revision was deemed administratively complete by operation of law six months after its submission, on March 12, 2019.  EPA therefore had a statutory deadline pursuant to CAA section 110(k)(2) to take final action on the SIP revision by no later than March 12, 2020.

2.     EPA is presently reviewing that Texas CEQ SIP submission to determine whether it meets the requirements of CAA section 110(a)(2)(D)(i)(I). The Texas CEQ SIP revision is over 100 pages long and includes a technical demonstration to support the state's determination that it meets the requirements of section 110(a)(2)(D)(i)(I).  The technical demonstration is supplemented by four appendices collectively totaling over 450 pages of technical air quality modeling data and analyses.  This SIP revision is therefore being reviewed by a workgroup of EPA staff that have appropriate technical and policy expertise to interpret and analyze this information.

3.     EPA has now received SIP revisions addressing the requirements of CAA section 110(a)(2)(D)(i)(I) for the 2015 ozone NAAQS from 46 states other

than Texas, as well as from the District of Columbia, that are also under review by

staff at the Agency.  EPA's statutory deadlines to act on these submissions

generally fall in 2020 and 2021.  Because these SIPs all address a common

statutory requirement and are being reviewed on similar timelines, the EPA

continues to evaluate the SIP revisions collectively to ensure that its action on the

SIP revisions is consistent across the Agency.  Thus, the workgroup reviewing the

Texas CEQ SIP revision is also concurrently reviewing the SIP revisions submitted

by other states and, as appropriate, identifying common issues that require

coordination across the EPA Regional Offices with responsibility for acting on the

SIP revisions.  EPA anticipates that its action on the Texas CEQ SIP revision will

be informed by this coordinated effort.  To date, this effort has resulted in EPA's

final action on twelve SIP revisions and proposed action on an additional seven

SIP revisions.  EPA continues to evaluate appropriate and consistent action on the

remaining twenty-seven SIP revisions, including the Texas CEQ SIP revision.

     4.     On September 13, 2019, the D.C. Circuit issued its decision in

*Wisconsin v. EPA*, 938 F.3d 303, which granted in part and denied in part petitions

for review of the Cross-State Air Pollution Rule Update for the 2008 Ozone

NAAQS, 81 Fed. Reg. 74,504 (Oct. 23, 2016).  EPA responded to the *Wisconsin*

remand in the "Revised Cross-State Air Pollution Rule Update for the 2008 Ozone

NAAQS," 86 Fed. Reg. 23,054 (April 30, 2021).  In the Revised Cross-State Air

Pollution Rule Update, EPA found that the federal implementation plan for Texas finalized in the Cross-State Air Pollution Rule Update fully resolved the requirements of CAA section 110(a)(2)(D)(i)(I) for the 2008 ozone NAAQS for Texas. *See* 86 Fed. Reg. 23,056. EPA is continuing to review the *Wisconsin* decision to determine whether and how it may impact its review of the pending SIP revisions for the 2015 ozone NAAQS, including the Texas CEQ SIP revision.

5.      Once EPA concludes its review of the Texas CEQ SIP revision addressing the requirements of CAA section 110(a)(2)(D)(i)(I) for the 2015 ozone NAAQS, the parties will discuss whether action on that submission or any other alternative administrative action would impact the issues that underlie this case. Thus, it remains possible that these actions by EPA and Texas CEQ will obviate the need for any further judicial proceedings on this petition for review. EPA therefore submits that this case should continue to remain in abeyance while EPA concludes its review of the Texas CEQ SIP revision.

6.      By the Court's Order of May 21, 2018, the next status report is due in 120 days. If EPA's and Texas CEQ's discussions are concluded before that date, the parties will file motions to govern future proceedings within 30 days of the conclusion of the discussions.

DATED:  June 1, 2021                    Respectfully submitted,

                                        JEAN E. WILLIAMS

Deputy Assistant Attorney General

*/s/ Chloe H. Kolman*
CHLOE H. KOLMAN
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-9277
chloe.kolman@usdoj.gov

*Of Counsel*:

Rosemary E. Hambright
Daniel Schramm
Office of General Counsel
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460

Jacob Gallegos
Office of Regional Counsel
U.S. Environmental Protection Agency,
Region 6
1201 Elm Street, Suite 500
Dallas, TX 75270

*Counsel for Respondents*

**CERTIFICATION FOR ECF PLEADING**
**AND OF COMPLIANCE WITH TYPEFACE REQUIREMENT**

Pursuant to ECF Filing Standards Section A(6), I hereby certify that all required privacy redactions have been made; that no hard copies are required to be submitted to the clerk's office so Section A(6)(2) is not relevant; and that the ECF submission was scanned for viruses with Microsoft's Forefront Client Security, which is updated daily, and, according to the program, is free of viruses.

This document also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document was prepared in a proportionally spaced typeface using Microsoft Word 2013 in 14 point Times New Roman font.


DATED:   June 1, 2021                              */s/ Chloe H. Kolman*
                                                                      CHLOE H. KOLMAN

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2021, I electronically filed the foregoing STATUS REPORT with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.  The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

*/s/ Chloe H. Kolman*
CHLOE H. KOLMAN