IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| STATE OF TEXAS; TEXAS COMMISSION ON ENVIRONMENTAL QUALITY, <br><br> Petitioners, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; and MICHAEL S. REGAN, Administrator, <br><br> Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Case No. 16-60670 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **STATUS REPORT**

Respondents United States Environmental Protection Agency and Administrator Michael S. Regan (collectively, "EPA") filed an unopposed motion to hold this case in abeyance on May 18, 2018, which the Court granted on May 21, 2018. EPA files this status report pursuant to the Court's Order dated May 21, 2018, advising the Court of the status of settlement discussions. The last such status report was filed on October 5, 2022. EPA provides the following status report:

1.    This case concerns Texas's obligation to address interstate transport requirements under Clean Air Act ("CAA") section 110(a)(2)(D)(i)(I) with respect to the 2008 ozone national ambient air quality standards ("NAAQS"). As

explained in the 2018 abeyance motion, resolution of this case may be influenced by actions concerning Texas's transport obligations concerning both the 2008 and 2015 ozone NAAQS.

2.      As noted in the EPA's status reports, Texas Commission on Environmental Quality ("Texas CEQ") submitted a SIP revision intended to address section 110(a)(2)(D)(i)(I) requirements for the 2015 ozone NAAQS on September 12, 2018.  Pursuant to CAA section 110(k)(1)(B), the state implementation plan ("SIP") revision was deemed administratively complete by operation of law six months after its submission, on March 12, 2019.  EPA therefore had a statutory deadline pursuant to CAA section 110(k)(2) to take final action on the SIP revision by no later than March 12, 2020.

3.      On February 22, 2022, EPA proposed disapproval of that Texas CEQ SIP submission, proposing to determine that it does not meet the requirements of CAA section 110(a)(2)(D)(i)(I).  87 Fed. Reg. 9798 (April 22, 2022).

4.      On February 28, 2022, EPA proposed a good neighbor federal implementation plan for the 2015 ozone NAAQS for Texas.  87 Fed. Reg. 20036 (April 6, 2022).  The comment period on the federal implementation plan closed on June 21, 2022, and the EPA is presently reviewing the comments.  *See* 87 Fed. Reg. 29,108 (May 12, 2022).

5.      On January 31, 2023, EPA signed a final disapproval of the Texas CEQ's SIP submission, along with the SIP submissions from 20 other states, for the 2015 ozone NAAQS.[1]

6.      On September 13, 2019, the D.C. Circuit issued its decision in *Wisconsin v. EPA*, 938 F.3d 303, which granted in part and denied in part petitions for review of the Cross-State Air Pollution Rule Update for the 2008 Ozone NAAQS, 81 Fed. Reg. 74,504 (Oct. 23, 2016), which includes a federal implementation plan for Texas for the 2008 ozone NAAQS.  EPA responded to the *Wisconsin* remand in the "Revised Cross-State Air Pollution Rule Update for the 2008 Ozone NAAQS," 86 Fed. Reg. 23,054 (April 30, 2021).  In the Revised Cross-State Air Pollution Rule Update, EPA found that the federal implementation plan for Texas finalized in the Cross-State Air Pollution Rule Update fully resolved the requirements of CAA section 110(a)(2)(D)(i)(I) for the 2008 ozone NAAQS for Texas.  *See* 86 Fed. Reg. 23,056.  Challenges to that rule are pending before the D.C. Circuit in *Midwest Ozone Group v. EPA*, D.C. Cir. No. 22-1146 (argument held Sept. 28, 2022).

7.      The conclusion of EPA's review of the Texas CEQ SIP revision addressing the requirements of CAA section 110(a)(2)(D)(i)(I) for the 2015 ozone

---

[1] Available at: https://www.epa.gov/interstate-air-pollution-transport/final-disapproval-good-neighbor-state-implementation-plans.

NAAQS will allow the parties to discuss whether that action, pending challenges to the Revised Cross-State Air Pollution Rule Update, or any other alternative administrative action may impact the issues that underlie this case. Thus, it remains possible that these actions by EPA and Texas CEQ will obviate the need for any further judicial proceedings on this petition for review. EPA therefore submits that this case should continue to remain in abeyance to allow for those discussions.

8.    By the Court's Order of May 21, 2018, the next status report is due in 120 days. If EPA's and Texas CEQ's discussions are concluded before that date, the parties will file motions to govern future proceedings within 30 days of the conclusion of the discussions.

DATED:  February 2, 2023                Respectfully submitted,

                                        TODD KIM
                                        Assistant Attorney General

                                        */s/ Chloe H. Kolman*
                                        CHLOE H. KOLMAN
                                        U.S. Department of Justice
                                        Environmental Defense Section
                                        P.O. Box 7611
                                        Washington, D.C. 20044
                                        (202) 514-9277
                                        chloe.kolman@usdoj.gov

                                        *Of Counsel*:

Rosemary Hambright Kaban
Daniel Schramm
Office of General Counsel
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460

Jacob Gallegos
Office of Regional Counsel
U.S. Environmental Protection Agency,
Region 6
1201 Elm Street, Suite 500
Dallas, TX 75270

*Counsel for Respondents*

## CERTIFICATION FOR ECF PLEADING
## AND OF COMPLIANCE WITH TYPEFACE REQUIREMENT

Pursuant to ECF Filing Standards Section A(6), I hereby certify that all required privacy redactions have been made; that no hard copies are required to be submitted to the clerk's office so Section A(6)(2) is not relevant; and that the ECF submission was scanned for viruses with Microsoft's Forefront Client Security, which is updated daily, and, according to the program, is free of viruses.

This document also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document was prepared in a proportionally spaced typeface using Microsoft Word 2013 in 14 point Times New Roman font.

DATED:   February 2, 2023              */s/ Chloe H. Kolman*
                                       CHLOE H. KOLMAN

**CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2023, I electronically filed the foregoing STATUS REPORT with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

*/s/ Chloe H. Kolman*
CHLOE H. KOLMAN