IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| STATE OF TEXAS; TEXAS COMMISSION ON ENVIRONMENTAL QUALITY,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; and MICHAEL S. REGAN, Administrator,<br><br>Respondents. | Case No. 16-60670 |

## **STATUS REPORT**

Respondents United States Environmental Protection Agency and Administrator Michael S. Regan (collectively, "EPA") filed an unopposed motion to hold this case in abeyance on May 18, 2018, which the Court granted on May 21, 2018. EPA files this status report pursuant to the Court's Order dated May 21, 2018, advising the Court of the status of settlement discussions. The last such status report was filed on June 2, 2023. EPA provides the following status report:

1.     This case concerns Texas's obligation to address interstate transport requirements under Clean Air Act ("CAA") section 110(a)(2)(D)(i)(I) with respect to the 2008 ozone national ambient air quality standards ("NAAQS"). As explained in the 2018 abeyance motion, resolution of this case may be influenced

by actions concerning Texas's transport obligations concerning both the 2008 and 2015 ozone NAAQS.

2. As noted in the EPA's status reports, Texas Commission on Environmental Quality ("Texas CEQ") submitted a SIP revision intended to address section 110(a)(2)(D)(i)(I) requirements for the 2015 ozone NAAQS on September 12, 2018. Pursuant to CAA section 110(k)(1)(B), the state implementation plan ("SIP") revision was deemed administratively complete by operation of law six months after its submission, on March 12, 2019. EPA therefore had a statutory deadline pursuant to CAA section 110(k)(2) to take final action on the SIP revision by no later than March 12, 2020.

3. On February 22, 2022, EPA proposed disapproval of that Texas CEQ SIP submission, proposing to determine that it does not meet the requirements of CAA section 110(a)(2)(D)(i)(I). 87 Fed. Reg. 9798 (April 22, 2022).

4. On February 28, 2022, EPA proposed a good neighbor federal implementation plan for the 2015 ozone NAAQS for Texas and twenty-five other states. 87 Fed. Reg. 20036 (April 6, 2022). Final good neighbor federal implementation plans for Texas and twenty-two other states were published on June 5, 2026. 88 Fed. Reg. 36654 (June 5, 2023).

5. On January 31, 2023, EPA signed a final disapproval of the Texas CEQ's SIP submission, along with the SIP submissions from 20 other states, for

the 2015 ozone NAAQS. 88 Fed. Reg. 9336 (Feb. 13, 2023). Judicial challenges to that final disapproval have been filed in this and other circuits. *See, e.g. State of Texas v. EPA*, 5th Cir. No. 23-60069 and consolidated cases (filed Feb. 14, 2023).

6. In addition, previously on September 13, 2019, the D.C. Circuit issued its decision in *Wisconsin v. EPA*, 938 F.3d 303, which granted in part and denied in part petitions for review of the Cross-State Air Pollution Rule Update for the 2008 Ozone NAAQS, 81 Fed. Reg. 74,504 (Oct. 23, 2016), which includes a federal implementation plan for Texas for the 2008 ozone NAAQS. EPA responded to the *Wisconsin* remand in the "Revised Cross-State Air Pollution Rule Update for the 2008 Ozone NAAQS," 86 Fed. Reg. 23,054 (April 30, 2021). In the Revised Cross-State Air Pollution Rule Update, EPA found that the federal implementation plan for Texas finalized in the Cross-State Air Pollution Rule Update fully resolved the requirements of CAA section 110(a)(2)(D)(i)(I) for the 2008 ozone NAAQS for Texas. *See* 86 Fed. Reg. 23,056. The Revised Cross-State Air Pollution Rule Update was upheld by the D.C. Circuit in *Midwest Ozone Group v. EPA*, 61 F.4th 187 (D.C. Cir. 2023).

7. On July 20, 2023, this Court inquired about the need for further abeyance in this case. On July 28, 2023, the parties submitted a joint response explaining that, in the parties' view, this case should remain in abeyance pending resolution of *State of Texas v. EPA*, 5th Cir. No. 23-60069. The outcome of those

proceedings – and any subsequent discussions between the parties – may obviate the need for any further judicial proceedings on this petition for review. The parties in the July 28 letter also indicated that, in the parties' view, the most efficient path forward would be to request the parties' positions on whether any live issues remain in this case after the resolution of *State of Texas v. EPA*, 5th Cir. No. 23-60069 and, if so, what an appropriate briefing schedule would be in this case. EPA therefore submits that this case should continue to remain in abeyance until that litigation and any discussions thereafter conclude.

8.  EPA will file its next status report in 120 days. If the pending litigation on EPA's disapproval of Texas's SIP submission for the 2015 ozone NAAQS and any subsequent discussion between these parties are concluded before that date, the parties will file motions to govern future proceedings within 30 days of the conclusion of the discussions.

DATED: September 29, 2023         Respectfully submitted,

                                  TODD KIM
                                  Assistant Attorney General

                                  */s/ Chloe H. Kolman*
                                  CHLOE H. KOLMAN
                                  U.S. Department of Justice
                                  Environmental Defense Section
                                  P.O. Box 7611
                                  Washington, D.C. 20044
                                  (202) 514-9277

chloe.kolman@usdoj.gov

*Of Counsel*:

Rosemary Hambright Kaban
Daniel Schramm
Office of General Counsel
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460

Jacob Gallegos
Office of Regional Counsel
U.S. Environmental Protection Agency,
Region 6
1201 Elm Street, Suite 500
Dallas, TX 75270

*Counsel for Respondents*

**CERTIFICATION FOR ECF PLEADING
AND OF COMPLIANCE WITH TYPEFACE REQUIREMENT**

Pursuant to ECF Filing Standards Section A(6), I hereby certify that all required privacy redactions have been made; that no hard copies are required to be submitted to the clerk's office so Section A(6)(2) is not relevant; and that the ECF submission was scanned for viruses with Microsoft's Forefront Client Security, which is updated daily, and, according to the program, is free of viruses.

This document also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document was prepared in a proportionally spaced typeface using Microsoft Word 2013 in 14 point Times New Roman font.

DATED:　September 29, 2023　　　　　　　　*/s/ Chloe H. Kolman*
　　　　　　　　　　　　　　　　　　　　　　　CHLOE H. KOLMAN

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2023, I electronically filed the foregoing STATUS REPORT with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

*/s/ Chloe H. Kolman*
CHLOE H. KOLMAN