IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| STATE OF TEXAS; TEXAS COMMISSION ON ENVIRONMENTAL QUALITY,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; and MICHAEL S. REGAN, Administrator,<br><br>Respondents. | No. 16-60670 |

**RESPONDENTS' UNOPPOSED MOTION TO EXTEND DEADLINE TO FILE LETTER BRIEFS IN RESPONSE TO COURT'S MAY 23, 2024 <u>DIRECTIVE</u>**

Respondents the United States Environmental Protection Agency and its Administrator, Michael S. Regan (collectively "EPA"), in accordance with Federal Rule of Appellate Procedure 27 and 5th Cir. R. 27.1, respectfully move this Court for a 7-day extension of time, up to and including June 13, 2024, for all parties to file their simultaneous letter briefs in response to the Court's May 23, 2024 directive. ECF No. 169. In support of this motion, EPA states as follows:

1. Petitioners and Petitioner-Intervenors challenge an EPA action entitled "Approval and Promulgation of Air Quality Implementation Plans; Texas; Interstate Transport of Air Pollution for the 2008 Ozone National Ambient Air Quality Standards," 81 Fed. Reg. 53284 (Aug. 12, 2016), in which EPA

disapproved a portion of Texas's state plan to address interstate transport requirements under Clean Air Act ("CAA") section 110(a)(2)(D)(i)(I) with respect to the 2008 ozone national ambient air quality standards ("NAAQS").

2. On May 18, 2018, EPA filed an unopposed motion to hold this case in abeyance, which the Court granted on May 21, 2018. ECF No. 97.

3. EPA has regularly filed status reports ever since, advising the Court of the status of settlement discussions. *See, e.g.*, Jan. 29, 2024 Status Report, ECF No. 167.

4. As explained in those status reports, resolution of this case may be influenced by actions related to Texas's transport obligations concerning both the 2008 and the subsequent 2015 ozone NAAQS. *Id*.

5. For example, on September 12, 2018, Texas Commission on Environmental Quality ("Texas CEQ") submitted a SIP revision intended to address section 110(a)(2)(D)(i)(I) requirements with respect to the 2015 ozone NAAQS, which are more stringent than the 2008 ozone NAAQS.

6. On February 22, 2022, EPA proposed disapproval of that Texas CEQ SIP submission, 87 Fed. Reg. 9798 (April 22, 2022), and on January 31, 2023, EPA signed a final disapproval of the SIP submission, along with the SIP submissions from 20 other states, for the 2015 ozone NAAQS. 88 Fed. Reg. 9336 (Feb. 13, 2023). Texas has challenged that final disapproval in this

Court, and a decision is pending. *See State of Texas v. EPA*, 5th Cir. No. 23-60069 and consolidated cases (argued Dec. 4, 2023) (the "2023 case").

7. On July 20, 2023, this Court inquired about the need for further abeyance in this case. ECF No. 159. The parties then submitted a joint response explaining that, in the parties' view, this case should remain in abeyance pending resolution of the 2023 case because the outcome of those proceedings—and any subsequent discussions between the parties—may obviate the need for any further judicial proceedings in this case. ECF No. 160.

8. On May 23, 2024, the Court issued a directive removing the case from abeyance and ordering the parties to file simultaneous letter briefs on June 6, 2024. ECF No. 169.

9. Given the Court's removal of the case from abeyance, EPA requires this modest extension to allow Department of Justice attorneys to confer with employees at EPA regarding this new case development. Their input is critical to responding to the Court's directive, but they are currently on leave until June 7, 2024. In addition, EPA intends to consult further with Petitioners and Petitioner-Intervenors regarding the Court's directive, but it cannot do so until it has fully conferred with EPA.

10. In accordance with Fifth Circuit Rule 27.4, EPA has conferred with counsel for Petitioners and Petitioner-Intervenors in this action, and none opposes the motion.

For all these reasons, EPA respectfully requests that this motion be granted and that the parties be given up to and including June 13, 2024 to file simultaneous letter briefs in response to the Court's May 23, 2024 directive.

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL: | TODD KIM<br>Assistant Attorney General |
| ROSEMARY HAMBRIGHT KABAN<br>DANIEL P. SCHRAMM<br>U.S. Environmental Protection Agency<br>Office of General Counsel<br>Washington, D.C. | */s/ Chloe H. Kolman*<br>CHLOE H. KOLMAN<br>U.S. Department of Justice<br>Environment & Natural Resources Division<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, D.C. 20044<br>(202) 514-9277 |
| DATE: May 30, 2024 | Chloe.kolman@usdoj.gov |
| | *Counsel for Respondents* |

Joined by:

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

KELLIE E. BILLINGS-RAY
Chief, Environmental Protection Division

*/s/ John R. Hulme*
JOHN R. HULME
Assistant Attorney General
Texas State Bar No. 10258400
John.Hulme@oag.texas.gov

*Counsel for Petitioners State of Texas and Texas Commission on Environmental Quality*

*s/ P. Stephen Gidiere III*
P. Stephen Gidiere III
BALCH & BINGHAM LLP
1901 6th Ave. N., Ste. 1500
Birmingham, Alabama 35203
205-251-8100
sgidiere@balch.com

Stephanie Z. Moore
Executive Vice President &
General Counsel
Daniel J. Kelly
Senior Vice President & Deputy
General Counsel
David W. Mitchell
Managing Counsel, Environmental
VISTRA CORP.

6555 Sierra Drive
Irving, Texas 75039

*Counsel for Petitioner-Intervenors Luminant Generation Company LLC, Big Brown Power Company LLC, Luminant Mining Company LLC, La Frontera Holdings, LLC, Oak Grove Management Company LLC, and Sandow Power Company LLC*

**CERTIFICATE FOR ECF PLEADING AND COMPLIANCE WITH TYPEFACE REQUIREMENT**

Pursuant to ECF Filing Standards Section A(6), I hereby certify that all required privacy redactions have been made; that no hard copies are required to be submitted to the clerk's office so Section A(6)(2) is not relevant; and that the ECF submission was scanned for viruses with Microsoft's Forefront Client Security, which is updated daily, and, according to the program, is free of viruses. This document also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document was prepared in a proportionally spaced typeface using Microsoft Word 2013 in 14-point Times New Roman font. This document also complies with the length limits in Fed. R. App. P. 27(d)(2)(A) because it contains 633 words, excluding exempted portions.

Date: May 30, 2024                              /s/ *Chloe H. Kolman*
                                                Chloe H. Kolman

                                                *Counsel for Respondents*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing brief was filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to the attorneys of record, who are required to have registered with the Court's CM/ECF system.

Date: May 30, 2024

/s/ *Chloe H. Kolman*
CHLOE H. KOLMAN

*Counsel for Respondents*