June 13, 2024

<u>VIA ELECTRONIC FILING</u>

Lyle W. Cayce, Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Pl., Ste 115
New Orleans, LA 70130

Re:   *State of Texas v. EPA*, No. 16-60670

Dear Mr. Cayce:

The parties submit this joint response to the Court's May 23, 2024 letter removing this case (the "2016 case") from abeyance and directing the parties to file simultaneous letter briefs "explaining how this appeal should be resolved." The parties have conferred and request that briefing in this case should not resume until resolution of *Texas v. EPA*, Case No. 23-60069 (the "2023 case") because resolution of that case and other related litigation may provide direction for how the case should proceed.

## Background

The 2016 case concerns National Ambient Air Quality Standards ("NAAQS") for ozone that EPA issued in 2008. The promulgation of that NAAQS triggered a requirement under the Clean Air Act for Texas to prepare a state implementation plan to comply with the "Good Neighbor Provision" of the Clean Air Act, 42 U.S.C. § 7410(a)(2)(D)(i)(I). This provision requires upwind states to develop state implementation plans (SIP) containing adequate provisions to prohibit in-state

emissions that contribute significantly to any other state's nonattainment or interfere with any other state's maintenance of the NAAQS. Once submitted, EPA reviews the SIP for compliance with the Clean Air Act. 42 U.S.C. § 7410(k)(2)-(3).

Texas submitted its Good Neighbor plan (the "2016 case SIP"), and EPA disapproved it in an action entitled "Approval and Promulgation of Air Quality Implementation Plans; Texas; Interstate Transport of Air Pollution for the 2008 Ozone National Ambient Air Quality Standards," 81 Fed. Reg. 53284 (Aug. 12, 2016) (the "2016 Disapproval"). Texas challenges the 2016 Disapproval in this case. Following the disapproval EPA issued a federal implementation plan for Texas in a rule known as the Cross-State Air Pollution Rule Update for the 2008 Ozone NAAQS, 81 Fed. Reg. 74,504 (Oct. 23, 2016). *See* 42 U.S.C. 7410(c)(1). That rule was challenged in *Wisconsin v. EPA*, 938 F.3d 303 (D.C. Cir. 2019), where the D.C. Circuit granted in part petitions for review and remanded without vacatur. On remand, EPA issued the "Revised Cross-State Air Pollution Rule Update for the 2008 Ozone NAAQS," 86 Fed. Reg. 23,054 (April 30, 2021), in which EPA found that the federal implementation plan for Texas finalized in the Cross-State Air Pollution Rule Update fully resolved Texas's obligations under the Good Neighbor Provision for the 2008 ozone NAAQS. *Id.* at 23,056. The Revised Cross-State Air Pollution Rule Update was upheld by the D.C. Circuit in *Midwest Ozone Group v. EPA*, 61 F.4th 187 (D.C. Cir. 2023).

In March 2017, Texas and petitioner-intervenors filed initial briefs in this case. *See* ECF Nos. 44-2, 00513890265. In May 2017, the parties moved to hold the case in abeyance to allow the parties to discuss administrative options that could avert the need for further litigation. ECF No. 77. The Court instead dismissed the appeal, without prejudice to re-file. *See* ECF No. 81-1. The Court later, on April 26, 2018, granted Petitioners' motion to re-instate the case. *See* ECF No. 00514447141. The parties shortly moved for abeyance thereafter, which the Court granted, ECF No. 00514480460, and the parties have been filing regular status reports ever since that recommend that the Court continue to hold the case in abeyance. *See, e.g.*, ECF Nos. 160 (July 2023 joint letter); 167 (Jan. 29, 2024 status report).

## How the 2016 Case Should Be Resolved

The parties' position has not changed since their July 2023 joint letter. Although the Court has already removed the 2016 case from abeyance, the parties do not not support resuming briefing immediately. The parties instead request that the Court issue an order requiring the parties to file motions to govern in this case 30 days after the Court issues its decision in the 2023 case.

Allowing the parties to confer, and possibly resuming briefing, only after resolution of the 2023 case makes sense because that case could provide direction for how the case should be disposed. Like the 2008 ozone NAAQS, EPA's promulgation of the more protective *2015* ozone NAAQS triggered a statutory

requirement under the Clean Air Act for Texas to submit a new SIP that addresses the Good Neighbor Provision as to the new NAAQS. Texas submitted that SIP in October 2018 (the "2023 case SIP"). EPA's disapproval of that SIP in "Air Plan Disapprovals; Interstate Transport of Air Pollution for the 2015 8-Hour Ozone National Ambient Air Quality Standards," 88 Fed. Reg. 9336 (Feb. 13, 2023) (the "2023 Disapproval"), is what Texas and petitioner-intervenors challenge in the 2023 case. The 2023 case is fully briefed, oral argument was held in December 2023, and a decision is pending.

How the Court rules in the 2023 case could affect both the legal issues at play, and the nature of the parties' interests, in the 2016 case. For example, if the Court finds some fault with the 2023 Disapproval, the Court's reasoning could have relevance in this case because Texas raised similar issues in its merits brief in both cases. EPA would need to evaluate such a ruling (and any potential appeal options) as well as review the record and determinations underlying the 2016 Disapproval to determine whether that action could be sustained. If the Court upholds the 2023 Disapproval in the 2023 case, then, likewise, the reasoning for such a ruling could have relevance here, and Texas would need to consider whether to continue its challenge.

Once the Court issues a decision in the 2023 case, the parties will be in a better position to identify whether any live issues remain in the 2016 case, evaluate their continuing interests in this case, and, if appropriate, propose a briefing schedule, or

other appropriate disposition of the case. This will conserve substantial resources of the parties and the Court. In the event the Court wishes briefing to resume immediately, the parties request that the Court first allow the parties time to confer regarding appropriate next steps in this case, and if appropriate, propose a schedule for remaining briefing to the Court.

        Sincerely,

        TODD KIM
        Assistant Attorney General

        */s/ Chloe Kolman*
        CHLOE KOLMAN
        U.S. Department of Justice
        Environmental Defense Section
        P.O. Box 7611
        Washington, D.C. 20044
        (202) 514-9277
        Chloe.kolman@usdoj.gov
        *Counsel for Respondent U.S. Environmental Protection Agency*

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for
Civil Litigation

KELLIE E. BILLINGS-RAY
Chief, Environmental Protection Division

/s/ John R. Hulme
JOHN R. HULME

Assistant Attorney General
Texas State Bar No. 10258400
John.Hulme@oag.texas.gov

Office of the Attorney General of Texas
Environmental Protection Division
 P.O. Box 12548, MC-066
Austin, Texas 78711-2548
Telephone: (512) 475-4229
Facsimile: (512) 320-0911

*Counsel for Petitioners,
State of Texas and Texas Commission
on Environmental Quality*

s/ P. Stephen Gidiere III
P. Stephen Gidiere III
BALCH & BINGHAM LLP
1901 6th Ave. N., Ste. 1500
Birmingham, Alabama 35203
205-251-8100
sgidiere@balch.com

Stephanie Z. Moore
Executive Vice President & General Counsel
Daniel J. Kelly
Senior Vice President & Deputy General Counsel
David W. Mitchell
Managing Counsel, Environmental
VISTRA CORP.
6555 Sierra Drive
Irving, Texas 75039

*Counsel for Petitioner-Intervenors Luminant Generation Company LLC, Big Brown Power Company LLC, Luminant Mining Company LLC, La Frontera Holdings, LLC, Oak Grove Management Company LLC, and Sandow Power Company LLC*