# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| STATE OF TEXAS, et al.,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>Respondents. | No. 16-60670 |

### UNOPPOSED JOINT MOTION FOR EXTENSION OF TIME, EXPANSION OF WORD LIMITS AND CLARIFICATION OF COURT'S JUNE 21, 2024 ORDER, ECF NO. 180

Pursuant to Fed. R. App. P. 26(b), 27, and 32 and Fifth Circuit Rule 32.4, the Petitioners State of Texas and Texas Commission on Environmental Quality (collectively, "Texas") and Respondents the United States Environmental Protection Agency and its Administrator, Michael S. Regan (collectively "EPA" and together, with Petitioners, "the Parties") respectfully request that this Court grant: (1) a 14-day extension of Texas's supplemental brief, to August 5, 2024; (2) a 44-day extension of EPA's response brief, to September 18, 2024; and (3) and a 51-day extension of Texas's reply brief, to October 2, 2024.  If granted, Texas would have 45 days from the date of the Clerk's June 21, 2024 order to file its supplemental brief, EPA would have 44 days from the date of Texas's supplemental brief to file a response brief, and Texas would have 14 days from the date of EPA's response brief

to file its reply. The Parties have conferred with petitioner-intervenors ("Intervenors") regarding the motion, and they do not oppose the relief requested. This is the Parties' first request for an extension of time of the briefing deadlines in the Court's June 21, 2024 Order, ECF No. 180.

The Parties further request that the Court limit Texas's supplemental brief to 4,500 words and further expand EPA's word limit from 17,000 words to 21,500 words, to permit additional words to respond to Texas's upcoming supplemental brief.

1. This case (the "2016 case") involves Petitioner Texas's challenge to EPA's disapproval of Texas's state implementation plan ("SIP") submitted in accordance with 42 U.S.C. § 7410(a)(2)(D)(i)(I), the Good Neighbor Provision, as to the 2008 Ozone National Ambient Air Quality Standards. *See* 81 Fed. Reg. 53284 (Aug. 12, 2016).

2. In March 2017, Texas and Intervenors filed initial briefs in this case. *See* ECF Nos. 00513893876 (10,542 words), 00513890265 (6,502 words). To adequately respond to Texas's and Intervenors' collective 17,000-word briefing, EPA successfully moved for a commensurate 17,000 words for its responsive brief. ECF No. 00513901142 (unopposed motion); ECF No. 00513902051 (granting motion). However, EPA did not file a response brief before the case was placed in abeyance.

3. Instead, this case has been in long-term abeyance since 2017 to explore administrative options that could avert the need for further litigation.

4. During that time, intervening developments have occurred, most notably that Texas has challenged EPA's disapproval of its Good Neighbor SIP for the more stringent 2015 Ozone National Ambient Air Quality Standards. *See Texas v. EPA*, Case No. 23-60069 (the "2023 case"); *see also* 88 Fed. Reg. 9336 (Feb. 13, 2023). Oral argument in the 2023 case took place in December 2023, and the parties are awaiting decision.

5. The Parties had jointly requested that this case remain in abeyance pending a decision in the 2023 case, which may resolve this case, ECF No. 177, but on June 21, 2024, the Court declined the parties' request and resumed briefing, ECF No. 180.

6. The Parties require a modest extension of the briefing schedule for good cause and to avoid undue prejudice.

7. The Parties move for Texas's supplemental brief deadline to be extended by 14 days, to August 5, 2024, and for Texas's reply brief deadline to be extended by one week, so that Texas's reply brief will be due 14 days after EPA files its response brief, making the deadline October 2, 2024.

8. The Parties further move for EPA's response deadline to be extended by 30 days, to September 18, 2024. EPA has not filed a response brief in this case

and so must file a full response brief that addresses both Texas's and Petitioner Intervenors' opening briefs filed in 2017 and Texas's supplemental brief, to be filed on July 22, 2024, unless an extension is granted. Under normal circumstances, EPA typically requests 60 days for respondent briefs, rather than the default 30 days, to allow sufficient time for interagency drafting and review. The two-week briefing period currently allotted to EPA does not allow sufficient time for the undersigned counsel to draft *any* response brief, let alone one that addresses Texas's supplemental brief and other potential issues. A 30-day extension, to allow for a 44-day briefing period, is the minimum that EPA needs to prepare a response brief.

9. Indeed, the extension requested here is comparable to extensions granted in this Court in similarly complicated multi-party litigation involving EPA over the decades. *See, e.g.,* 2023 Case, ECF No. 396-2 (granting EPA a 60-day extension to file an oversized brief); *State of Texas v. EPA*, No. 21-60673, ECF No. 30 (allowing more than two months for EPA to respond to Texas's and Texas Industry's consolidated brief, not to exceed 13,000 words); *Sierra Club v. EPA*, No. 18-60116, June 4, 2018 Order (allowing 60 days and 24,000 words to respond to two full-sized briefs); *Nat'l Pork Producers Council v. EPA*, No. 08-61093, ECF No. 89 (allowing two and a half months and 49,000 words to respond to three briefs); *BCCA Appeal Group v. EPA*, 02-60017, Mar. 19, 2002 Joint Proposal (allowing three months for response brief).

10. The Parties further request that the Court impose a 4,500-word limit on Texas's supplemental brief. A 4,500-word limit would be appropriate in these circumstances, where Texas has already filed a full-length opening brief.

11. In addition, and provided that Texas's supplemental brief is limited to 4,500 words, the Parties request an expansion of EPA's current 17,000-word limit to 21,500 words, to permit EPA to address Texas's supplemental brief in addition to the initial briefs it must also address. Equity demands that EPA receive the same word-allotment as Petitioners and Intervenors.

12. EPA understands the Court's June 21, 2024 Order to direct Petitioner Texas alone to file a supplemental brief and does not permit intervenors to file a supplemental brief. If EPA is incorrect in this understanding, EPA reserves the right to seek an additional extension and expansion of its word limits.

13. This Court has previously granted requests for word-limit expansions based on these considerations. *See, e.g., Nat'l Pork Producers Council v. EPA*, No. 08-61093, ECF No. 89 (allowing a 49,000-word response brief to respond to two 21,000-word briefs and one 7,000-word brief).

For all these reasons, the Parties respectfully request that the Court grant: (1) a 14-day extension of Texas's supplemental brief, to August 5, 2024; (2) a 44-day extension of EPA's response brief, to September 18, 2024; and (3) and 51-day extension of Texas's reply brief, to October 2, 2024. The Parties further request that

the Court impose a 4,500 word-limit on Texas's supplemental brief and expand the word-limit on EPA's response brief to 21,500 words.

DATE: July 10, 2024

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL: | TODD KIM<br>Assistant Attorney General |
| ROSEMARY H. KABAN<br>DANIEL P. SCHRAMM<br>U.S. Environmental Protection Agency<br>Office of General Counsel<br>Washington, D.C. | /s/ *Sarah Izfar*<br>JIN HYUNG LEE<br>SARAH IZFAR<br>U.S. Department of Justice<br>Environment & Natural Resources Division<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, D.C. 20044<br>(202) 514-2640; (202) 532-3050<br>jin.hyung.lee@usdoj.gov<br>sarah.izfar@usdoj.gov<br><br>*Counsel for Respondents*<br><br>*/s/ John R. Hulme*<br>JOHN R. HULME<br>Assistant Attorney General<br>State Bar No. 10258400<br>John.Hulme@oag.texas.gov<br><br>ERIN K. SNODY<br>Assistant Attorney General<br>State Bar No. 24093056<br>Erin.Snody@oag.texas.gov<br><br>Office of the Attorney General of Texas<br>Environmental Protection Division |

P.O. Box 12548, MC–066  
Austin, Texas 78711-2548  
(512) 463-2012 | Fax (512) 320-0911

*Counsel for Petitioners the State of Texas and Texas Commission on Environmental Quality*

## CERTIFICATE OF COMPLIANE

I hereby certify that the foregoing brief complies with Fed. R. App. P. 27(d)(2)(C) and 32(f) and (g), as it complies with typeface requirements and contains 1,111 words, excluding exempted portions.

Date: July 10, 2024                    */s/ Sarah Izfar*
                                        SARAH IZFAR

                                        *Counsel for Respondents*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing brief was filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to the attorneys of record, who are required to have registered with the Court's CM/ECF system.

Date: July 10, 2024                    */s/ Sarah Izfar*
                                        SARAH IZFAR

                                        *Counsel for Respondents*