# No. 16-60670

# In the
# United States Court of Appeals
# For the Fifth Circuit

State of Texas; Texas Commission on Environmental Quality,

        *Petitioners,*

v.

United States Environmental Protection Agency; Michael S. Regan, in his official capacity as Administrator of the United States Environmental Protection Agency,

        *Respondents.*

**PETITIONERS STATE OF TEXAS AND TEXAS COMMISSION ON ENVIRONMENTAL QUALITY'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE REPLY BRIEF**

Petitioners State of Texas and Texas Commission on Environmental Quality (collectively, "Texas") respectively move the Court, pursuant to Federal Rule of Appellate Procedure 27 and Fifth Circuit Rule 31.4, for a 14-day extension of time to file their reply brief, to and including September 20, 2024. In support of this motion, Texas shows the Court as follows:

1.    This case arises from EPA's disapproval of Texas's State Implementation Plan ("SIP") for new 2008 National Ambient Air Quality Standards ("NAAQS") for ozone that Texas submitted in 2012. EPA disapproved Texas's SIP in 2016.

2.　　Texas filed its petition for review of this EPA action on October 11, 2016. ECF No. 00513712257. A group of electric generation companies (Luminant Generation Company LLC, Big Brown Power Company LLC, Luminant Mining Company LLC, La Frontera Holdings LLC, Oak Grove Management Company LLC, and Shadow Power Company LLC) ("Luminant") were granted intervention in January 2017. ECF No. 00513845415. Texas and Luminant filed their Petitioners' briefs on March 2, 2017, ECF No. 00513893876 ("Texas Br."), and March 1, 2017, ECF No. 00513893206 ("Luminant Br."). Before EPA filed its response brief and before any reply briefs were filed, this case was stayed at the parties' joint request on May 21, 2018. ECF No. 00514480460.

3.　　The case remained in abeyance for several years. In June 2024, the Court removed the case from abeyance and ultimately issued a schedule, ECF No. 180, providing for the completion of briefing in three weeks (July 22, 2024, to August 12, 2024). In response, EPA and Texas jointly requested to modify that briefing schedule to afford both Texas and EPA a few additional weeks to prepare and file their respective remaining briefs. ECF No. 190. On July 12, 2024, the Court issued an order granting EPA three additional weeks to file its response brief but denied Texas's request for one additional week to file its reply brief. ECF No. 206-2. Texas filed its supplemental brief on July 22, 2024, as specified in the revised briefing order.

4. Although the revised briefing order characterizes both EPA's response brief and Texas's reply to it as "supplemental," EPA's brief filed on August 30, 2024, is the first brief that EPA has filed in the case. Neither EPA's 92-page brief (filed last Friday afternoon immediately before the Labor Day holiday) nor Texas's reply brief (due this coming Friday, September 6) are "supplemental." Texas has not yet filed a reply brief in this matter. The only briefs that had been filed in the case until the past few weeks were Texas and Luminant's opening briefs in 2017. Thus, the reply brief due this Friday is Texas's first and only opportunity to respond to EPA's first and only response brief.

5. Although Texas had earlier requested an extension on this reply brief that was denied, it files this additional request for an extension due to breadth and length of the brief and extensive new factual material, discussed below, submitted in a declaration with the brief EPA filed on Friday, August 30. The current schedule only provides Texas four business days to evaluate and respond to this material.

6. Through this unopposed motion, Texas respectfully requests an additional two weeks to file its reply brief. This would give Texas a total of three weeks to prepare and file its reply to EPA's response brief, the first brief it has filed in this case. This request is necessary given the lengthy briefing including new issues and factual allegations that EPA filed on Friday, August 30, and the time that will be required to fully respond to those arguments in a manner most helpful to the Court.

The intervening Labor Day holiday means that Texas, including the agency staff that must necessarily review the arguments and underlying record in support, would only have four business days under the current schedule to prepare its reply to EPA's 92-page response brief. Texas further submits this request is appropriate given that the Federal Rules of Appellate Procedure generally provide petitioners twenty-one days to file their reply. Fed. R. App. P. 31(a)(1).

7. EPA filed with its brief on Friday a ten-page declaration including extensive new factual allegations in support of its request that its disapproval order be remanded without vacatur in the event the Court reverses. *See* EPA Br. 84-91 (citing variously to Mathias Decl. ¶¶ 1-34). This new information that EPA has only provided in its declaration filed on Friday, August 30, involves complex technical matters and discusses numerous air quality management programs and compliance requirements under the federal Clean Air Act, including a national trading program. Evaluation of this request by the Texas Commission on Environmental Quality and the State of Texas, and responding to it in a manner that is helpful to the Court, will necessarily require more than the one week that Texas currently has to prepare and submit its reply to EPA's response brief.

8. EPA's brief also raises significant issues that were not discussed or raised in Texas and Luminant's opening briefs filed in 2017, including that although EPA listed and included many updated modeling and data documents in the index

and administrative record for this matter, *see* ECF No. 00513859016, Second Corrected Certified Index to the Administrative Record, EPA Document Nos. 7-12, EPA now claims it did not rely on that updated data and modeling to support its underlying disapproval decision, *see* EPA Br. 53-54, 74. EPA also raises several areas where it claims Texas waived arguments by failing to raise the underlying issues in comments submitted to the agency during the administrative process or otherwise. *See* EPA Br. 49, 56, 60-61, 67-68, 73-74. Responding to these arguments, and many others in EPA's 92-page brief and accompanying extra-record declaration, will require the extensive examination of the administrative record (including comments filed) and the authorities discussed in EPA's brief going to its points.

9. This unopposed extension request is made not for purposes of delay, but to ensure that Texas is able to provide the Court with a reply brief that will best assist it in its decision-making process.

10. The undersigned counsel has conferred with counsel for EPA and Petitioner-Intervenor Luminant on this request. EPA and Luminant do not oppose this request for a two-week extension on Texas's reply brief.

11. In light of the foregoing, Texas requests that the deadline for submission of its reply brief be extended for fourteen days from September 6, 2024, to September 20, 2024.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

KELLIE E. BILLINGS-RAY
Chief, Environmental Protection Division

 /s/ John R. Hulme
JOHN R. HULME
Assistant Attorney General
State Bar No. 10258400
John.Hulme@oag.texas.gov

ERIN K. SNODY
Assistant Attorney General
State Bar No. 24093056
Erin.Snody@oag.texas.gov

Environmental Protection Division
Office of the Attorney General
P.O. Box 12548, MC-066
Austin, Texas 78711-2548
Phone: (512) 463-2012
Fax: (512) 320-0911

**Attorneys for Petitioners State of Texas and Texas Commission on Environmental Quality**

## CERTIFICATE OF SERVICE

On September 3, 2024, this motion was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

 */s/ John R. Hulme*
JOHN R. HULME

## CERTIFICATE OF COMPLIANCE

This motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,073 words; and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Times New Roman) using Microsoft Word (the same program used to calculate the word count). *See* Fed. R. App. P. 27(d)(l)(E).

 */s/ John R. Hulme*
JOHN R. HULME

## CERTIFICATE OF CONFERENCE

On September 3, 2024, I conferred with Sarah Izfar, counsel for Respondents, and she informed me that Respondents are unopposed to the relief sought in this motion. On September 3, 2024, I conferred with P. Stephen Gidiere III, counsel for Petitioner-Intervenors, and he informed me that Petitioner-Intervenors are unopposed to the relief sought in this motion. Petitioner-Intervenors request a like two-week extension on their potential reply.

 */s/ John R. Hulme*
JOHN R. HULME