No. 16-60670

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

STATE OF TEXAS;
TEXAS COMMISSION ON ENVIRONMENTAL QUALITY,

Petitioners,

LUMINANT GENERATION COMPANY LLC, BIG BROWN POWER COMPANY LLC, LUMINANT MINING COMPANY LLC, LA FRONTERA HOLDINGS, LLC, OAK GROVE MANAGEMENT COMPANY LLC, AND SANDOW POWER COMPANY LLC,

Petitioner-Intervenors,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY;
MICHAEL S. REGAN, in his official capacity as Administrator of the United States Environmental Protection Agency,

Respondents.

## PETITIONER-INTERVENORS' MOTION FOR LEAVE TO FILE REPLY BRIEF

Petitioner-Intervenors Luminant Generation Company LLC, Big Brown Power Company LLC, Luminant Mining Company LLC, La Frontera Holdings, LLC, Oak Grove Management Company LLC, and Sandow Power Company LLC ("Petitioner-Intervenors") respectfully move this Court for leave to file a reply brief. Pursuant to 5th Circuit Rule 27.4, the undersigned counsel conferred with all counsel regarding this

motion. Petitioners' counsel has indicated that Petitioners do not oppose this motion. Respondents' counsel has stated that it takes no position on the motion.

In support of this motion, Petitioner-Intervenors state as follows:

1.  On August 12, 2016, U.S. Environmental Protection Agency ("EPA") published its final action entitled "Approval and Promulgation of Air Quality Implementation Plans; Texas; Interstate Transport of Air Pollution for the 2008 Ozone National Ambient Air Quality Standards." 81 Fed. Reg. 53,284 (Aug. 12, 2016) ("Final Rule"). The State of Texas and Texas Commission on Environmental Quality ("Petitioners") timely filed their petition for review of the Final Rule in October 2016. Doc. 1-1. Thereafter, Luminant Generation Company LLC, Big Brown Power Company LLC, Luminant Mining Company LLC, La Frontera Holdings, LLC, Oak Grove Management Company LLC, and Sandow Power Company LLC moved to intervene in support of Petitioners, Doc. 30, which the Court granted, Doc. 32-2.

2.  In February 2017, Petitioners and Petitioner-Intervenors each filed their opening merits brief. Docs. 44-2 & 48-2. EPA's response brief was due on May 31, 2017, Doc. 76; however, prior to filing its brief, the parties jointly requested the case be held in abeyance. *See* Doc. 77.

3.  This case continued to remain in abeyance for many years, with only Petitioners' and Petitioner-Intervenors' briefs having been filed. On May 23, 2024, the Court issued a directive removing the case from abeyance and requesting simultaneous letter briefs to be filed "explaining how this appeal should be resolved." Doc. 169. Petitioners,

Petitioner-Intervenors, and EPA all jointly filed a letter brief requesting continued abeyance until *Texas v. EPA*, No. 23-60069 (5th Cir.) has been resolved. *See* Doc. 177.

4. On June 21, 2024, the Court entered a briefing schedule, establishing deadlines for a supplemental Petitioners' brief, EPA's response brief, and Petitioners' reply brief. Doc. 180. The Court's order did not address a reply brief from Petitioner-Intervenors. Petitioners filed their supplemental brief on July 22, 2024. Doc. 207. On August 30, 2024, EPA filed its brief, which responded to both the initial briefing from Petitioners and Petitioner-Intervenors in 2017 along with Petitioners' supplemental briefing from this year. *See* Doc. 208-1. Further, EPA's brief attached and relied on a newly-drafted declaration from Scott Mathias, the Director of the Air Quality Policy Division within the Office of Air and Radiation at EPA. Doc. 208-2 ("Mathias Declaration").

5. EPA's brief and the Mathias Declaration make extensive statements regarding the implications of vacatur of the Final Rule with respect to numerous Clean Air Act programs and requirements. Through the Mathias Declaration, EPA includes extra-record evidence in support of its argument that the Court should not vacate the Final Rule that was unavailable to the parties when Petitioners' and Petitioner-Intervenors' opening briefs were filed in this case. Specifically, EPA claims (erroneously) that vacatur of the Final Rule could lead EPA to impose *more stringent* emission limitations on Petitioner-Intervenors' plants. Indeed, Petitioner-Intervenors' plants are specifically identified in the Mathias Declaration.

3

6.　　The Court's order does not expressly address a reply brief from Petitioner-Intervenors. Given the direct implications and new claims made in EPA's response brief and declaration with respect to Petitioner-Intervenors' plants, it is critical for Petitioner-Intervenors to be provided the opportunity to address the issues and arguments that EPA's brief and supporting declaration raise directly implicating Petitioner-Intervenors' facilities. For the foregoing reasons, Petitioner-Intervenors respectfully move this Court for leave to file the attached limited reply brief addressing solely these issues raised by new information in EPA's brief and supporting declaration.

7.　　A copy of the proposed reply brief is attached to this motion.

Dated: September 20, 2024

Respectfully submitted,

s/ P. Stephen Gidiere III
P. Stephen Gidiere III
BALCH & BINGHAM LLP
1901 6th Ave. N., Ste. 1500
Birmingham, Alabama 35203
205-251-8100
sgidiere@balch.com

Stephanie Z. Moore
Executive Vice President & General Counsel
Daniel J. Kelly
Senior Vice President & Deputy General Counsel
David W. Mitchell
Managing Counsel, Environmental
VISTRA CORP.
6555 Sierra Drive
Irving, Texas 75039

*Counsel for Petitioner-Intervenors Luminant Generation Company LLC, Big Brown Power Company LLC, Luminant Mining Company LLC, La Frontera Holdings, LLC, Oak Grove Management Company LLC, and Sandow Power Company LLC*

# **CERTIFICATE OF COMPLIANCE**

The undersigned counsel states that this document complies with 5th Cir. R. 27.4 and Fed. R. App. P. 27(d)(2)(A) because it includes 656 words, excluding the caption and signature blocks, as counted by a word processing system and, therefore, is within the word limit. This document also complies with typeface requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface in 14-point Garamond font.

Dated: September 20, 2024

s/ P. Stephen Gidiere III

*Counsel for Petitioner-Intervenors Luminant Generation Company LLC, Big Brown Power Company LLC, Luminant Mining Company LLC, La Frontera Holdings, LLC, Oak Grove Management Company LLC, and Sandow Power Company LLC*

# CERTIFICATE OF CONFERENCE

On September 19, 2024, I conferred with Sarah Izfar, counsel for Respondents, and she informed me that Respondents take no position on the relief sought in this motion. On September 18, 2024, I conferred with John R. Hulme, counsel for Petitioners, and he informed me that Petitioners do not oppose the relief sought in this motion.

Dated: September 20, 2024

                                              s/ P. Stephen Gidiere III

*Counsel for Petitioner-Intervenors Luminant Generation Company LLC, Big Brown Power Company LLC, Luminant Mining Company LLC, La Frontera Holdings, LLC, Oak Grove Management Company LLC, and Sandow Power Company LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are begins served with a copy of this document via the Court's CM/ECF system on this 20th day of September, 2024.

s/ P. Stephen Gidiere III

*Counsel for Petitioner-Intervenors Luminant Generation Company LLC, Big Brown Power Company LLC, Luminant Mining Company LLC, La Frontera Holdings, LLC, Oak Grove Management Company LLC, and Sandow Power Company LLC*

No. 16-60670

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

STATE OF TEXAS;
TEXAS COMMISSION ON ENVIRONMENTAL QUALITY,

Petitioners,

LUMINANT GENERATION COMPANY LLC, BIG BROWN POWER COMPANY LLC, LUMINANT MINING COMPANY LLC, LA FRONTERA HOLDINGS, LLC, OAK GROVE MANAGEMENT COMPANY LLC, AND SANDOW POWER COMPANY LLC,

Petitioner-Intervenors,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY;
MICHAEL S. REGAN, in his official capacity as Administrator of the United States Environmental Protection Agency,

Respondents.

**REPLY BRIEF OF PETITIONER-INTERVENORS**

| | |
|---|---|
| P. Stephen Gidiere III | Stephanie Z. Moore |
| BALCH & BINGHAM LLP | Executive Vice President & General Counsel |
| 1901 6th Ave. N., Ste. 1500 | Daniel J. Kelly |
| Birmingham, Alabama 35203 | Senior Vice President & Deputy General Counsel |
| 205-251-8100 | David W. Mitchell |
| | Managing Counsel, Environmental |
| | VISTRA CORP. |
| | 6555 Sierra Drive |
| | Irving, Texas 75039 |

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................ ii

TABLE OF AUTHORITIES ........................................................................................ iii

INTRODUCTION ........................................................................................................ 1

ARGUMENT ................................................................................................................. 1

I.　It Would Be Unlawful for EPA to Use Vacatur of the Final Rule as an Opportunity to Impose More Stringent Limits on Texas Sources ....................... 1

II.　If the Court Vacates the Final Rule, the Court Should Retain Jurisdiction on Remand .................................................................................................................. 4

CERTIFICATE OF COMPLIANCE ........................................................................... 6

CERTIFICATE OF SERVICE ...................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Am. Trucking Ass'ns v. ICC*, 669 F.2d 957 (5th Cir. 1982) ................................ 3

*BNSF Ry. Co. v. Fed. R.R. Admin.*, 62 F.4th 905 (5th Cir. 2023) ........................ 4

*BNSF Ry. Co. v. Fed. R.R. Admin.*, 105 F.4th 691 (5th Cir. 2024) ...................... 4

*United States v. United Mine Workers of Am.*, 330 U.S. 258 (1947) ................... 3

**Regulations**

40 C.F.R. § 51.308(b) ............................................................................................ 3

**Federal Register Notices**

77 Fed. Reg. 33,642 (June 7, 2012) ...................................................................... 3

81 Fed. Reg. 53,284 (Aug. 12, 2016) .................................................................... 1

82 Fed. Reg. 912 (Jan. 4, 2017) ............................................................................ 3

82 Fed. Reg. 3,078 (Jan. 10, 2017) ....................................................................... 3

**Miscellaneous**

Order on Motion to Amend and Enforce Judgment, *Luminant Generation Co., LLC v. EPA*, No. 10-60891 (5th Cir. Feb. 21, 2014) ....................................... 3

# INTRODUCTION

Petitioner-Intervenors file this limited reply brief to address EPA's argument in Section V of its brief regarding the alleged implications of vacatur of EPA's disapproval of Texas's 2008 ozone National Ambient Air Quality Standards ("NAAQS") state implementation plan ("SIP"), 81 Fed. Reg. 53,284 (Aug. 12, 2016) ("Final Rule"). EPA's assertions regarding the impact of vacatur are flawed, and its position would be arbitrary, capricious, and unlawful if ultimately implemented on remand. For these reasons, as discussed below, in the event the Court finds EPA's action unlawful and vacates the Final Rule in this case, this Court should retain jurisdiction to ensure that EPA's action on remand is carried out consistent with the Court's decision and mandate and does not circumvent the Court's ruling by seeking to accomplish through other means what it has unlawfully imposed through the Final Rule.

# ARGUMENT

## I. It Would Be Unlawful for EPA to Use Vacatur of the Final Rule as an Opportunity to Impose More Stringent Limits on Texas Sources

EPA contends that, if the Court grants Texas's petition for review, the Court should remand the Final Rule to EPA without vacatur. Doc. 208-1 at 84-91 ("EPA Br."). In support of this argument, EPA claims that vacatur of the Final Rule will produce what it calls "cascading impacts on Texas's compliance with other [Clean Air Act] programs" and threatens that this could "lead[] to increased regulatory requirements on Texas's sources." *Id.* at 90.

EPA's threats are based on speculation and a proposed approach that, if carried out on remand, would be arbitrary and capricious and unlawful. Although EPA seeks to characterize sources in Texas as broadly uncontrolled but for the Final Rule, that is plainly not the case. *See* Doc. 208-2, ¶ 12 (attachment to EPA Br.) ("Mathias Decl.") ("If so, there would be no emissions control program in place in Texas to address good neighbor obligations for the 2008 ozone NAAQS or for any other NAAQS."). Indeed, Texas's SIP submittal at issue highlighted specific measures implemented in Texas that had already achieved significant reductions of ozone precursor emissions, such as $NO_X$, in the State. *See* Index #3, App. A, at 2-12 to 2-19 ("SIP Submittal"). Those reductions had already resulted in significant improvements at downwind monitors even prior to the implementation of the Cross-State Air Pollution Rule's Ozone Season $NO_X$ Group 2 Trading Program that is based on EPA's SIP disapproval here. *See id.*

Were this Court to vacate the Final Rule, it would be unlawful for EPA to use remand as an opportunity for retribution by ratcheting down obligations on regulated sources beyond the currently imposed requirements. As EPA itself says, the current level of reductions that have been achieved in Texas are sufficient to satisfy Texas's Clean Air Act obligations under numerous different programs. *See* EPA Br. at 85, 87; Mathias Decl. ¶¶ 8-11, 18-32. It is clear that more stringent regulations or limitations are not necessary to ensure compliance with any of these identified obligations and any such regulation would be arbitrary and capricious. In addition, certain of the requirements that EPA claims would spring to life are only authorized to be

implemented in a particular time period that has long since passed,[1] so it would be unlawful for EPA to impose more stringent limits in the future under the guise of those other programs. Therefore, EPA cannot lawfully use vacatur of the Final Rule as a justification re-evaluate these previously established limits or re-impose anything more than the current emission limits.

As this Court has explained: "Parties subject to the decision of a federal appellate court are 'without power to do anything which is contrary to either the letter or spirit of the mandate construed in the light of the opinion of [the] court deciding the case.'" Order on Motion to Amend and Enforce Judgment at 4-5, *Luminant Generation Co., LLC v. EPA*, No. 10-60891 (5th Cir. Feb. 21, 2014) (alteration in original) (quoting *Am. Trucking Ass'ns v. ICC*, 669 F.2d 957, 960 (5th Cir. 1982)); *see also United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[A]n order issued by a court with jurisdiction … must be obeyed by the parties" unless "reversed by orderly and proper proceedings."). Using vacatur of the Final Rule as a basis to impose "increased regulatory requirements" or more significant reductions than currently apply would be plainly contrary to the letter and spirit of a ruling that EPA *unlawfully* disapproved

---

[1] 82 Fed. Reg. 3,078, 3,083 (Jan. 10, 2017) ("The BART requirement was a one-time requirement[.]"); *see also* 82 Fed. Reg. 912, 917 n.34 (Jan. 4, 2017) (citing § 51.308(b) and explaining that BART controls must be in place "by 2014" and "[a]dditional delay of any amount is not appropriate and not consistent with the law"); 77 Fed. Reg. 33,642, 33,647 (June 7, 2012) ("[T]he BART requirements or alternatives to BART must be fully implemented by 2018. The required establishment of BART limits, or an alternative to BART, is accordingly undertaken only once.").

Texas's SIP. Any such actions would be arbitrary and capricious, inconsistent with the Court's mandate, and could not be justified following vacatur of the Final Rule.

## II. If the Court Vacates the Final Rule, the Court Should Retain Jurisdiction on Remand.

Given EPA's threats to impose more stringent regulatory obligations if EPA does not prevail here, the Court should retain jurisdiction on remand (with or without vacatur) to ensure any subsequent action by EPA on remand is not functionally a punishment for Texas and its regulated sources disguised as administrative action. *See BNSF Ry. Co. v. Fed. R.R. Admin.*, 62 F.4th 905, 911 (5th Cir. 2023) (vacating agency action and retaining jurisdiction over subsequent agency proceedings); *BNSF Ry. Co. v. Fed. R.R. Admin.*, 105 F.4th 691, 702 (5th Cir. 2024) (reviewing subsequent agency action following remand and reversing and remanding with instructions). Further, retaining jurisdiction would allow this Court to ensure that EPA takes timely action so this issue is resolved to provide certainty and to avoid any potential "cascading impacts" of EPA's own making.

Dated: September 20, 2024

Respectfully submitted,

s/ P. Stephen Gidiere III
P. Stephen Gidiere III
BALCH & BINGHAM LLP
1901 6th Ave. N., Ste. 1500
Birmingham, Alabama 35203
205-251-8100
sgidiere@balch.com

Stephanie Z. Moore
Executive Vice President & General Counsel
Daniel J. Kelly
Senior Vice President & Deputy General Counsel
David W. Mitchell
Managing Counsel, Environmental
VISTRA CORP.
6555 Sierra Drive
Irving, Texas 75039

*Counsel for Petitioner-Intervenors Luminant Generation Company LLC, Big Brown Power Company LLC, Luminant Mining Company LLC, La Frontera Holdings, LLC, Oak Grove Management Company LLC, and Sandow Power Company LLC*

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel states that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(ii) because it includes 1,008 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f), as counted by a word processing system. This brief also complies with typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface in 14-point Garamond font.

Dated: September 20, 2024

                                                  s/ P. Stephen Gidiere III

*Counsel for Petitioner-Intervenors Luminant Generation Company LLC, Big Brown Power Company LLC, Luminant Mining Company LLC, La Frontera Holdings, LLC, Oak Grove Management Company LLC, and Sandow Power Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 20th day of September, 2024.

                                                s/ P. Stephen Gidiere III

*Counsel for Petitioner-Intervenors Luminant Generation Company LLC, Big Brown Power Company LLC, Luminant Mining Company LLC, La Frontera Holdings, LLC, Oak Grove Management Company LLC, and Sandow Power Company LLC*